IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roland Garber,            Case No. 3:05CV7004

       Plaintiff,

v.            ORDER

Village of Oak Harbor, et al.,

       Defendants.

This is a suit under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, in which plaintiff Roland Garber, a former employee of the Village of Oak Harbor ("Village"), alleges that his supervisor, Timothy Wilkins, and the Village violated his rights under the FMLA. The gravamen of plaintiff's complaint if that the Village gave him paid sick leave under its own policy, instead of unpaid FMLA leave.

Pending is the defendants motion for summary judgment. For the reasons that follow, the motion shall be granted as to the plaintiff's FMLA claim. Plaintiff's other claims, asserted under state law, shall be dismissed, without prejudice to any right to refile in state court.

**Background**

Plaintiff Garber was the Village's Superintendent of Utilities. Defendant Wilkins was the Village administrator. Among other duties, plaintiff was responsible for daily testing of the Village water system. When an employee complained to Wilkins that Garber was not fulfilling his duties, Wilkins investigated this and other allegations against Garber. During his investigation, Wilkens placed Garber on paid involuntary administrative leave.

On July 22nd, 2004, Wilkins notified Garber he could choose to resign within the next two days, or he would be asked to do so soon thereafter.

Garber did not resign; instead, he converted his paid administrative leave to paid sick leave. On July 23rd, he submitted a medical leave slip stating he needed to be off work from July 26th through August 9th. He asked for sick leave because notification of his dismissal had aggravated pre-existing medical conditions [namely, Parkinson's disease and Raynaud's syndrome]. On July 29th, three days later, Garber presented another medical leave slip, which stated he would need his paid sick leave extended from August 9th to August 30th.

Due to his medical condition, Garber could not attend a pre-disciplinary hearing scheduled for July 28th. Before Garber extended his sick leave from August 9th to August 30th, the Village rescheduled the hearing for August 13th. Garber was unable to attend on the 13th, and the hearing was rescheduled for August 16th.

On the 16th, Garber was still unable to attend due to his health condition, but his counsel came to the hearing. The Village officially fired Garber on August 19th, 2004. Garber received his paid sick leave thereafter until August 30th. As of that date, his doctor released him to return to work activities without restriction.

## Discussion

Summary judgment will be granted if "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). Summary judgment will be denied if the evidence is such that a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Furthermore, all evidence must be viewed in the light most favorable to the nonmoving party. *Id.*

If an employee has "a serious health condition that makes the employee unable to perform the functions of the position of such employee," the FMLA entitles him or her to twelve weeks of unpaid leave within a twelve month period. 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" refers to "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

Under the FMLA, it is unlawful for "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

Garber argues that the Village and Wilkins interfered with his FMLA rights by granting him paid sick leave instead of FMLA leave. To succeed on his FMLA interference claim, Garber must show: 1) he was an eligible employee; 2) the defendant was an employer as defined under the FMLA; 3) he was entitled to leave under the FMLA; 4) he gave the Village notice of his intention to take leave; and 5) the Village denied him FMLA benefits to which he was entitled. *Cavin v. Honda of Am. Mfg., Inc.,* 346 F.3d 713, 719 (6th Cir. 2003).[1]

The FMLA allows an employer to require the employee to substitute paid leave for FMLA leave. 29 U.S.C. § 2612(d)(2). FMLA leave and company leave can run concurrently, should an employer choose. 60 Fed. Reg. 2230 (1995) ("[E]mployers may designate paid leave

---

[1] Garber's FMLA claim against Wilkins fails because employees of public agencies cannot be sued in their private capacities under the FMLA. The Sixth Circuit has held that officials or supervisors of public agencies, such as Wilkins, the Village administrator, are not considered "employers" under the FMLA. *Mitchell v. Chapman*, 343 F.3d 811, 827-29 (6th Cir. 2003).

as FMLA leave and offset the maximum entitlements under the employer's more generous policies.").

In *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 94-96 (2002), the Supreme Court found that when a company provided the employee with thirty weeks of leave, the employer could not be held responsible for an additional twelve weeks of FMLA leave. This was so, the Court held, even though it had failed to inform the employee that the FMLA and company leave would run concurrently. *Id*.

The Court in *Ragsdale* found the employer did not interfere with FMLA rights in part because the employee was not harmed; indeed, the employee actually benefitted from receiving more than the FMLA alone provides. *Id*. at 90-91.

The FMLA was created to encourage employers to have more generous policies; in essence, the FMLA is a floor, not a ceiling. *Id*. at 87, 95; 29 U.S.C. § 2653 ("[n]othing in this Act . . . shall be construed to discourage employers from adopting or retaining leave policies more generous than any policies that comply with the requirements under this Act.").

If there is no injury or showing of prejudice, there is no cognizable FMLA claim. *Alifano v. Merck & Co.*, 175 F.Supp.2d 792, 794 (E.D.Pa. 2001); *Coppa v. American Society for Testing Materials*, 2005 WL 1124180, *8 (E.D.Pa.) (though employer did not allow plaintiff to choose between reduced paid leave and unpaid FMLA leave, plaintiff's claim nonetheless failed for want of "evidence that she suffered any type of injury or harm.").

Garber received over four weeks of paid sick leave during the pendency of disciplinary proceedings. The Village fired him for actions occurring before he requested leave.

Plaintiff cannot show any harm from not receiving unpaid FMLA leave instead of paid sick leave. The Village should not be punished for its more generous sick leave policy. There is no injury to remedy, and the defendants are entitled to judgment in their favor on plaintiff's FMLA claim.

## Conclusion

It is, therefore,

ORDERED THAT

1. Defendants' motion for summary judgment on Count I be, and the same hereby is granted; and

2. Plaintiff's state law claims be, and the same hereby are dismissed without prejudice.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge